UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| T.A. ROEBUCK,<br><br>    Plaintiff,<br><br>vs.<br><br>JOAN WENDT, DOES 1-10,<br><br>    Defendants. | Case No: C 13-0629 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket 23 |

Defendant Joan Wendt is a defendant in an unlawful detainer proceeding filed against her by Plaintiff T.A. Roebuck in the Alameda County Superior Court. On February 13, 2013, Defendant removed the action (for a second time), ostensibly on the basis of federal question jurisdiction.[1]  Plaintiff now moves to remand the action under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The motion is unopposed.

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] Defendant previously removed—and the Court remanded—the action for lack of subject matter jurisdiction.

Here, there are no federal claims apparent from the face of the Complaint. Rather, Plaintiff's action is for unlawful detainer, which is not removable. Louden, LLC v. Lopez, No. C 13-0061 SBA, 2013 WL 415559, *1-2 (N.D. Cal. Jan. 31, 2013); Gross Mortg. Corp. v. Al-Mansur, No. 12-4681 SBA, 2012 WL 5270052, *2-3 (N.D. Cal. Oct. 24, 2012); Polymathic Properties v. Lopez, No. C 12-0479 SBA, 2012 WL 3144324, *1-2 (N.D. Cal. Aug. 1, 2012); Deutsche Bank Nat. Trust Co. v. Quintanilla, No. C 12-2581 SBA, 2012 WL 3043012, *2 (N.D. Cal. July 12, 2012). Given the clear lack of subject matter jurisdiction, the Court has no alternative other than to remand the action to state court. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is GRANTED. Pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: July 5, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

T.A. ROEBUCK,

       Plaintiff,

 v.

JOAN WENDT et al,

       Defendant.
_____/

Case Number: CV13-00629 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joan Wendt
516 Lewis Street
Oakland, CA 94607

Dated: July 8, 2013

                                    Richard W. Wieking, Clerk

                                          By: Lisa Clark, Deputy Clerk